# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50561
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY DARNELL BUSH, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-163-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Darnell Bush, Jr., federal prisoner # 29582-280, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motions for a sentence reduction based upon retroactive Amendment 782 to the Sentencing Guidelines. By seeking leave to proceed IFP, Bush is challenging the district court's certification that his appeal is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50561

taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Bush argues that the district court abused its discretion by denying his § 3582(c)(2) motions. He raises multiple challenges to his original sentencing, arguing that the district court committed procedural error by making an upward variance without calculating his guidelines sentence range and committed substantive error by not properly considering his criminal history and erroneously calculating the drug quantity for which he was responsible. He maintains that he did not commit any crime because the indictment did not specify a drug quantity and the Government never proved any quantity of drugs.

Bush's challenges to his conviction and original sentence are not cognizable in a § 3582(c)(2) motion. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court's implicit ruling that Bush was eligible for a sentence reduction and its finding that his original sentence was within his new guidelines range were correct. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); U.S.S.G. § 2D1.1(c)(7); U.S.S.G., Ch. 5, Pt. A. The district court denied Bush's motion as a matter of discretion, specifically citing the 18 U.S.C. § 3553(a) sentencing factors of the nature and circumstances of the offense and protection of the public. Bush has not shown that this decision was an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Bush's appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.